■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LECLAIR, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Corning, J.), rendered July 15, 1982, convicting him of rape in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, statements made by the defendant to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

We find that the hearing court properly found that an independent source existed for the in-court identification of the defendant by the complainant since the complainant had

spent more than an hour with the defendant in the unemployment office, during which time she was able to view him at close range and in good lighting *(see, Manson v Brathwaite,* 432 US 98).

The defendant contends that the People failed to prove that he used forcible compulsion against the complainant as an essential element of the rape charge. However, upon viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant hit the complainant on the head with a nightstick, causing a laceration which required several stitches to close and which placed the complainant in fear of further physical injury *(see,* Penal Law § 130.00 [8]). Therefore, the People proved that the defendant engaged in sexual intercourse with the complainant by forcible compulsion *(see,* Penal Law § 130.35).

The sentence imposed upon the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, without merit or constitute harmless error beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230; *People v Udzinski,* 146 AD2d 245). Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.